UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN HORNER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,<br><br>Defendant. | No. 17 C 7586<br><br>Magistrate Judge M. David Weisman |

**MEMORANDUM OPINION AND ORDER**

Kathleen Horner brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on June 9, 2014, alleging a disability onset date of October 2, 2013. (R. 76-78.) Her application was denied initially, on reconsideration, and after a hearing by an Administrative Law Judge ("ALJ") in a decision dated December 21, 2016. (R. 13-25.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886; 20 C.F.R. § 404.1560(c)(2). If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "cervical degenerative disc disease and facet joint arthritis on the right side, lumbar degenerative disc disease, migraines, obesity, depression, and anxiety." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but, from October 2, 2013 to May 20, 2015, she had the residual functional capacity ("RFC") to perform light work with certain exceptions, and beginning May 20, 2015, she had the RFC to perform sedentary work with certain exceptions. (R. 18-19, 24.) At step five, the ALJ found that a significant number of jobs exist in the national economy that plaintiff can perform, and thus she is not disabled. (R. 24-25.)

Plaintiff argues that the ALJ inadequately addressed listing 11.02, the listing applicable to migraine headaches.[1] The Court agrees. With respect to the listing the ALJ said: "I also considered Listing 11.02, but the claimant has not presented the requisite evidence to comport with the detailed description of the severity and frequency of episodes described by the Listing." (R. 16.) This statement is even less illuminating than the one condemned by the Seventh Circuit in *Minnick v. Colvin*, 775 F.3d 929, (7th Cir. 2015):

> In determining Minnick's degenerative disc disease did not meet or equal Listing 1.04, the ALJ stated:
>
> > The claimant's degenerative disc disease was evaluated under Listing 1.04 (disorders of the spine). The evidence does not establish the presence of nerve root compression, spinal arachnoiditis, or spinal stenosis resulting in pseudoclaudication, as required by that listing.

---

[1] There is no listing for migraines, so the SSA "routinely considers [this] impairment[] under the criteria for the Listing [for epilepsy]," which is now 11.02. *Cooper v. Berryhill*, 244 F. Supp. 3d 824, 828 (S.D. Ind. 2017). "A claimant may therefore demonstrate equivalence to Listing [11.02] by showing that his migraines cause functional impairments equivalent to those described in the Listing." *Id.* at 828-29.

3

> This is the very type of perfunctory analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing. *See Kastner v. Astrue*, 697 F.3d 642, 647-48 (7th Cir. 2012) (remanding where the ALJ's cursory Listing analysis failed to articulate rationale for denying benefits when record supported finding in claimant's favor); *Barnett* [*v. Barnhart*], 381 F.3d [664] at 670 [7th Cir. 2004] (concluding the ALJ's "two-sentence consideration of the Listing of Impairments [was] inadequate and warrant[ed] remand."); *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir.2003) (reversing because ALJ's Listing analysis was "devoid of any analysis that would enable meaningful judicial review."). The ALJ dismissed the possibility of Minnick's degenerative disc disease meeting or equally Listing 1.04's criteria in two sentences. Beyond these two sentences, she provided no analysis whatsoever supporting her conclusion.

*Id.* at 935-36.

The SSA contends that the ALJ cured any error in the listing analysis by discussing the evidence relating to plaintiff's headaches later in the decision. (*See* Def.'s Mem. Supp. Mot. Summ. J., ECF 25 at 8 (citing R. 20-21).) Nowhere in that discussion, however, does the ALJ even identify the requirements of the listing, let alone explain why plaintiff does not meet them. (R. 20-21.) That leaves the ALJ's single-sentence "analysis" of listing 11.02, which as in *Minnick*, is insufficient to sustain the ALJ's conclusion that plaintiff does not equal the listing. Therefore, this case must be remanded.[2]

---

[2] Plaintiff also argues that the Appeals Council's failure to consider new and material medical records warrants a remand. Plaintiff submitted these purportedly new and material records with her brief but they are not contained in the administrative record, and there is no evidence that she ever submitted them to the Appeals Council, the ALJ, or anyone else at the SSA. The SSA cannot be faulted for failing to consider evidence that was not presented to it.

**Conclusion**

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [24], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                          ENTERED:  August 16, 2018


**M. David Weisman**
**United States Magistrate Judge**